UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------

ELECTRONICS AND TELECOMMUNICATIONS RESEARCH INSTITUTE,

              Plaintiff,

-against-

ACACIA RESEARCH GROUP, LLC, formerly known as ACACIA PATENT ACQUISITION LLC,

              Defendant.

------------------------------------

Case No.: 15 CV 3419 (VSB) (BMM)

ECF Case

# DEFENDANT ACACIA RESEARCH GROUP, LLC'S ANSWER TO PLAINTIFF'S AMENDED COMPLAINT

Defendant Acacia Research Group, LLC ("Acacia" or "Defendant") hereby answers Plaintiff Electronics and Telecommunications Research Institute's ("ETRI" or "Plaintiff") Amended Complaint ("Complaint") as follows:

## I. JURISDICTION AND VENUE

1. Defendant admits that there is complete diversity of citizenship. Defendant lacks sufficient information to form a belief as to the truth of the remaining allegations in Paragraph 1 and therefore denies the remaining allegations.

2. Defendant admits that the Court has personal jurisdiction over it for purposes of this action and that venue is proper for purposes of this action. Defendant otherwise denies the allegations in Paragraph 2 because the contracts at issue speak for themselves.

## II. PARTIES

3. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 3, and therefore denies each such allegation.

4. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 4, and therefore denies each such allegation.

5. Defendant admits that it is a Texas limited liability company with an office in Plano, Texas. Defendant admits that Acacia Research Corporation is its sole member and is a Delaware corporation headquartered in Newport Beach, California. Defendant otherwise denies each allegation in Paragraph 5.

6. Deny. The public filings of Defendant's parent company, Acacia Research Corporation, speak for themselves.

## III. FACTS

7. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 7, and therefore denies each such allegation.

8. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 8, and therefore denies each such allegation

9. Defendant admits that it entered into two exclusive license agreements, dated January 14, 2010 and May 7, 2010, with Plaintiff (the "Agreements"). Defendant otherwise denies each allegation in Paragraph 9. The Agreements speak for themselves.

10. Defendant admits that Plaintiff assigned to Defendant worldwide exclusive license rights in certain patents identified in the Agreements (the "Patents"). Defendant otherwise denies each allegation in Paragraph 10. The Agreements speak for themselves.

11. Defendant admits that it agreed to pay to Plaintiff, or that its assignee would

pay to Plaintiff, a portion of net proceeds actually received—as defined in the Agreements—from licensing of the Patents or enforcement of the Patents, if any. Defendant otherwise denies each allegation in Paragraph 11. The Agreements speak for themselves.

12. Deny. The Agreements speak for themselves.

13. Deny. The Agreements speak for themselves.

14. Deny.

15. Deny.

16. Deny.

17. Deny.

18. Deny.

19. Deny.

20. Deny.

21. Deny.

22. Deny.

23. Deny.

24. Deny.

25. Deny.

26. Defendant admits that it has not made payments to ETRI in connection with licensing or enforcement of patents other than the Patents. Defendant otherwise denies each allegation in Paragraph 26.

27. Deny.

28. Deny.

29. Deny.

30. Deny.

31. Defendant admits that it has not made payments to ETRI in connection with licensing or enforcement of patents other than the Patents. Defendant otherwise denies each allegation in Paragraph 31.

32. Deny.

33. Deny.

34. Deny.

35. Deny.

36. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 36, and therefore denies each such allegation.

37. Deny. The Agreements speak for themselves.

38. Deny. The Agreements speak for themselves.

39. Deny. The Agreements speak for themselves.

40. Deny. The Agreements speak for themselves.

41. Deny.

42. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 42, and therefore denies each such allegation.

43. Deny.

44. Deny. The Agreements speak for themselves.

45. Deny. The Agreements speak for themselves.

46. Defendant admits that it received a demand letter dated April 3, 2015 from Plaintiff. Defendant otherwise denies each allegation in Paragraph 46.

47. Defendant admits that it responded to Plaintiff's demand letter. Defendant

otherwise denies each allegation in Paragraph 47.

48. Deny.

49. Deny.

## First Claim

### (Breach of Contract)

50. Defendant repeats and realleges each of its responses to paragraphs 1 through 49 above as if more fully set forth herein.

51. Deny.

52. Deny.

53. Deny.

## Second Claim

### (Breach of Implied Covenant of Good Faith and Fair Dealing)

54. Defendant repeats and realleges each of its responses to paragraphs 1 through 53 above as if more fully set forth herein.

55. Deny.

56. Deny.

57. Deny. The Agreements speak for themselves.

58. Deny.

59. Deny.

60. Deny.

61. Deny.

## Third Claim

### (Fraud in the Inducement)

62. Defendant repeats and realleges each of its responses to paragraphs 1 through 61 above as if more fully set forth herein.

63. Deny.

64. Deny.

65. Deny.

66. Deny.

67. Deny.

68. Deny.

69. Deny.

70. Deny.

71. Deny.

72. Deny.

73. Deny.

74. Deny.

75. Deny.

76. Deny.

### ANSWER TO PRAYER FOR RELIEF

Defendant denies that Plaintiff is entitled to any of the relief requested in Plaintiff's prayer for relief.

### AFFIRMATIVE AND OTHER DEFENSES

Defendant, while reserving its right to assert all other applicable defenses as this

action proceeds, hereby asserts, on information and belief, the following separate affirmative and other defenses to the Complaint without assuming the burden of proof of any such matter that rests with Plaintiff.

### FIRST DEFENSE

(Failure to State a Claim)

Defendant alleges that Plaintiff's Complaint, and each claim alleged therein, fails to set forth a claim upon which relief may be granted.

### SECOND DEFENSE

(Waiver)

Defendant alleges that Plaintiff's Complaint, and each claim alleged therein, is barred in whole or in part by the doctrine of waiver.

### THIRD DEFENSE

(Estoppel)

Defendant alleges that Plaintiff's Complaint, and each claim alleged therein, is barred in whole or in part by the doctrine of estoppel.

### FOURTH DEFENSE

(No Damages)

Defendant alleges that Plaintiff's Complaint, and each claim alleged therein, is barred in whole or in part because Plaintiff was not cognizably harmed by any act or omission of Defendant or because the Contract bars Plaintiff from recovering some or all of the relief sought.

## FIFTH DEFENSE

(Defendant's Performance)

Defendant alleges that Plaintiff's Complaint, and each claim alleged therein, is barred in whole or in part by Defendant's performance of all material obligations required by the Contract.

## SIXTH DEFENSE

(Unclean Hands)

Defendant alleges that Plaintiff's Complaint, and each claim alleged therein, is barred in whole or in part by the doctrine of unclean hands.

## SEVENTH DEFENSE

(No Causation)

Defendant alleges that Plaintiff's Complaint, and each claim alleged therein, is barred in whole or in part because any harm suffered by Plaintiff was not caused by Defendant.

## EIGHTH DEFENSE

(Justification/Privilege)

Defendant alleges that any act or omission claimed by Plaintiff was justified and/or privileged.

## NINTH DEFENSE

(Excuse)

Defendant alleges that it was excused expressly, impliedly, or by operation of law from performing the obligations upon which Plaintiff's Complaint is based.

## TENTH DEFENSE

(Failure to Mitigate)

Defendant alleges that Plaintiff's Complaint, and each claim alleged therein, is barred in whole or in part by Plaintiff's failure to act reasonably and to mitigate its claimed damages.

## ELEVENTH DEFENSE

(Good Faith)

Defendant alleges that Plaintiff's Complaint, and each claim alleged therein, is barred in whole or in part because Defendant acted in good faith.

## TWELFTH DEFENSE

(Intervening Cause)

Defendant alleges that Plaintiff's Complaint, and each claim alleged therein, is barred in whole or in part because of an intervening cause of one or more third parties.

## THIRTEENTH DEFENSE

(Lack of Standing)

Defendant alleges that Plaintiff, an entity organized under the laws of South Korea, lacks standing under New York Business Corporation Law § 1312(a).

## FOURTEENTH DEFENSE

(Lack of Capacity)

Defendant alleges that Plaintiff, an entity organized under the laws of South Korea, lacks capacity to sue under New York Business Corporation Law § 1312(a).

**FIFTEENTH DEFENSE**

(Laches)

Defendant alleges that Plaintiff's Complaint, and each claim alleged therein, is barred in whole or in part by the doctrine of laches.

**SIXTEENTH DEFENSE**

(Reservation of Rights to Assert Additional Defenses)

The allegations in the Complaint are uncertain and ambiguous.  Defendant has not knowingly or intentionally waived any applicable affirmative defenses and reserves the right to assert and rely on such other applicable defenses as may become available or apparent during discovery proceedings.  Defendant further reserves the right to amend this answer and/or defenses accordingly and/or to delete defenses that it determines through the course of subsequent discovery are not applicable.

Dated:  March 31, 2016  
By: */s/ Travis P. Brennan*  
**STRADLING, YOCCA, CARLSON, & RAUTH, P.C.**  
Marc J. Schneider  
  mschneider@sycr.com  
Douglas Q. Hahn  
  dhahn@sycr.com  
Travis P. Brennan (*Admitted Pro Hac Vice*)  
  tbrennan@sycr.com  
660 Newport Center Drive, Suite 1600  
Newport Beach, CA 92660-6422  
Telephone:  (949) 725-4000  
Facsimile:  (949) 725-4100

**DAVIS & GILBERT LLP**
Michael C. Lasky
  mlasky@dglaw.com
Neal H. Klausner
  nklausner@dglaw.com
1740 Broadway
New York, NY  10019
Telephone: (212) 468-4800
Facsimile: (212) 468-4888

Attorneys for Defendant Acacia Research Group, LLC

## CERTIFICATE OF SERVICE

I certify that on March 31, 2016, the foregoing document:

**DEFENDANT ACACIA RESEARCH GROUP, LLC'S ANSWER TO PLAINTIFF'S AMENDED COMPLAINT**

was served on all parties or their counsel of record through the CM/ECF system.

                                      *s/ Travis P. Brennan*
                                      Travis P. Brennan