

STRADLING YOCCA CARLSON & RAUTH, P.C.
660 NEWPORT CENTER DRIVE, SUITE 1600
NEWPORT BEACH, CA 92660-6422
SYCR.COM

CALIFORNIA
  NEWPORT BEACH
  SACRAMENTO
  SAN DIEGO
  SAN FRANCISCO
  SANTA BARBARA
  SANTA MONICA
COLORADO
  DENVER
NEVADA
  RENO

MARC J. SCHNEIDER
(949) 725-4137
MSCHNEIDER@SYCR.COM

April 17, 2018

**Via ECF**

The Honorable Barbara Moses, Magistrate Judge
United States District Court, Southern District of New York
Daniel Patrick Moynihan Courthouse
500 Pearl Street, Courtroom 20A
New York, NY 10007

    Re:    *Electronic and Telecommunications Research Institute v. Acacia Research Group, LLC*, Civil Action No. 15 CV 3419 (VSB)

Dear Judge Moses:

    Defendant Acacia Research Group, LLC ("Acacia") submits this status letter pursuant to paragraph 5 of the Court's March 16, 2018 Order (Dkt. 135).

    Acacia's Second Revised Privilege Log is attached hereto as Exhibit A. Attached hereto as Exhibit B is an organizational chart regarding each Acacia employee listed as an attorney on the Second Revised Privilege Log and Revised Redaction Log, pursuant to paragraph 1 of the March 16 Order. In conducting its review in connection with the March 16 Order, Acacia determined that Harnik Shukla had been incorrectly identified as an attorney in seven entries on the Revised Privilege Log. Acacia has made corrections in the Second Revised Privilege Log accordingly.

    As directed in paragraph 2 of the March 16 Order, Acacia searched the documents logged in the blue shaded entries on the Revised Privilege Log for references to ETRI's name or the ETRI Patents. The search criteria were present in 46 of the 877 blue entries.[1] Those 46 entries are nos. 184, 209, 213, 218, 219, 220, 260, 326, 327, 328, 329, 338, 342, 344, 345, 346, 349, 350, 351, 352, 353, 355, 359, 360, 361, 362, 395, 396, 397, 398, 409, 475, 488, 642, 650, 1195, 1196, 1198, 1199, 1200, 1206, 1207, 1220, 1224, 1235, 1236. After conducting a fresh review

---

[1] At the March 16 conference, the Court ruled that the other 831 blue entries "need not be produced and no further information with regard to those documents need be produced," but that Acacia should nevertheless "leave them on the chart simply because every time you update the chart numbers get out of whack and people get confused." (March 16 Tr. at 67:13-16.) According, Acacia has left those entries, unchanged, in the Second Revised Privilege Log.

LITIOC/2181189v1/101023-0064

Honorable Barbara Moses, Magistrate Judge
April 17, 2018
Page Two

of the documents associated with those entries, Acacia has taken the following steps:

- <u>Nos. 326, 327, 328, 329, 338, 342, 349, 350, 351, 352, 353, 355, 359, 360, 361, 362, 395, 396, 397, 398, 409, 642, 650, 1199, 1200, 1206, 1207, 1220, 1224, 1236</u>: The descriptions for these entries have been updated in the Second Revised Privilege Log.

- <u>Nos. 344, 345 and 346</u>: These were incorrectly shaded blue because they do not relate to negotiation of the Global Agreements. Acacia is producing the documents pursuant to paragraph 4 of the March 16 Order, and those entries are now gray in the Second Revised Privilege Log.

- <u>No. 209, 488</u>: These are non-privileged copies of Acacia patent lists that were incorrectly logged. Acacia is producing the documents and the entries are now gray in the Second Revised Privilege Log.

- <u>Nos. 218, 219, 220</u>: These are email strings involving Jonathan Taub, Esq. acting in a business development capacity, not a legal capacity, and were therefore incorrectly logged. Acacia is producing the documents and the entries are now gray in the Second Revised Privilege Log.

As directed in paragraph 3 of the March 16 Order, Acacia reviewed the white-shaded entries that had been withheld solely on work product grounds. Acacia determined that four of those entries—nos. 1505, 1506, 1507 and 1508—satisfied the threshold the Court set pursuant to *United States v. Adlman*, 68 F.3d 1495 (2d Cir. 1995), and those entries have been updated in the Second Revised Privilege Log. As directed in paragraph 4 of the March 16 Order, Acacia is producing the documents that did not meet that threshold and the entries corresponding to those documents are now gray in the Second Revised Privilege Log.

Finally, following further review, Acacia also is producing the documents corresponding to the following white entries: 2, 3, 4, 5, 6, 7, 8, 9, 10, 12, 53, 76, 84, 135, 137, 142, 1576, 1593. These documents are being produced because (i) the Acacia attorney on the communication was not acting in a legal capacity in that communication, or (ii) the communication was with the Kim & Chang law firm and concerned business development efforts in Korea prior to Acacia's engagement of Kim & Chang for legal matters. These entries are now gray in the Second Revised Privilege Log.

                      Respectfully submitted,

                      *s/Marc J. Schneider*

                      Marc J. Schneider
                      STRADLING YOCCA CARLSON & RAUTH, P.C.
                      Attorneys for Defendant Acacia Research Group, LLC